UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABE ALIZADEH,<br><br>            Plaintiffs,<br><br>      v.<br><br>MUFG UNION BANK N.A., UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | No.  2:23-mc-00122 DAD AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

      This matter is before the court on plaintiff's motion to quash a service of summons issued by the United States Revenue Officer David Barbearo ("IRS") to MFUG Union Bank ("Union"). ECF No. 1.  The parties appeared before the court for a hearing on May 24, 2023.  ECF No. 13. Upon consideration of the arguments and briefing, the undersigned concludes that the motion must be denied and the case closed because plaintiff lacks standing and the court lacks jurisdiction to quash the summons.

      **I.      Relevant Background**

      Plaintiff filed this miscellaneous case to quash an IRS summons on March 20, 2023.  ECF No. 1.  On or about February 9, 2023 plaintiff received by mail a copy of a subpoena that was sent to his bank, Union, which was issued January 25, 2023 and which was served on Union on January 31, 2023.  ECF No. 1-1 at 5-6.  The summons was issued by the IRS to Union Bank "in

the matter of Abe Alizadeh." Id.  The summons notes on its face that pursuant to IRC 7609(c)(2)(D), it is exempt from notice requirements pertaining to third party summonses, and that pursuant to 12 USC § 3413(c) and 26 USC § 7609(j), it is also exempt from the notice requirements of the Right to Financial Privacy Act. Id.

## II.   Analysis

Plaintiff asserts that the summons should be quashed because it was issued in retaliation for his requesting a Collection Due Process or Equivalent Hearing in February of 2023, and that it is overbroad and issued for an improper purpose.  ECF No. 1 at 5-6.  The court does not reach these arguments on the merits because plaintiff lacks standing to bring the motion and the court lacks jurisdiction to consider it.

### A.  Plaintiff Lacks Standing to Challenge the Summons

The United States is immune from suit unless there is a valid waiver of sovereign immunity.  Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995).  The only statute that provides federal courts with jurisdiction to quash an IRS summons is 26 U.S.C. § 7609, making it the exclusive method by which a taxpayer can challenge an IRS summons.  See Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985); Viewtech, Inc. v. United States, 2009 WL 3378990, at *1 (S.D. Cal. Oct. 16, 2009), aff'd, 653 F.3d 1102 (9th Cir. 2011).  Congress "has authorized and required' the IRS 'to make the inquires, determinations, and assessments of all taxes' the Internal Revenue Code imposes."  United States v. Clarke, 573 U.S. 248, 249-50 (2014) (quoting 26 U.S.C. § 6201(a)).  In keeping with that mandate, "Congress has endowed the IRS with expansive information-gathering authority."  United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984).  "[T]he centerpiece of that congressional design," id. at 816, is 26 U.S.C. § 7602, which grants the IRS "broad latitude to issue summonses '[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any interest revenue tax . . . , or collecting any such liability."  Clarke, 573 U.S. at 250 (quoting 26 U.S.C. § 7602(a)) (emphasis added).  This summons authority is construed broadly in favor of the IRS.  See United States v. Euge, 444 U.S. 707, 714-15 (1980).

////

1	Under 26 U.S.C. § 7609(a), the IRS generally must give notice to the taxpayer and other
2	persons identified in the summons (other than the person summoned) when it issues a summons
3	to a third party.  Under 26 U.S.C. § 7609(b)(2)(A), the persons entitled to notice may petition to
4	quash the summons in an appropriate district court.  There are, however, several statutory
5	exceptions to the notice requirement.

6	Relevant here, 26 U.S.C. § 7609(c)(2)(D) provides that the notice requirement does not
7	apply to any summons "issued in aid of the collection of (i) an assessment made or judgment
8	rendered against the person with respect to whose liability the summons is issued; or (ii) the
9	liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)."
10	The Ninth Circuit has interpreted the notice exception in 26 U.S.C. § 7609(c)(2)(D)(i) to mean
11	that in the collection context, a person (other than the summoned party) need not receive notice
12	under § 7609(a) that the IRS has summoned the person's records if the person is "the assessed
13	taxpayer, a fiduciary or transferee of the taxpayer," or the assessed taxpayer had "some legal
14	interest or title in the object of the summons." Viewtech, 653 F.3d at 1105 (citing Ip v. United
15	States, 205 F.3d 1168, 1175-76 (9th Cir. 2000)).

16	Here, Revenue Officer Barbearo issued the summons to Union bank "in aid of the
17	collection of" Mr. Alizadeh's previously assessed federal tax liabilities for tax years 2014 through
18	2018. See Barbearo Decl., ¶¶ 6, 7, 14, 16-18.  Mr. Alizadeh – the assessed taxpayer – is the party
19	bringing the motion to quash. ECF No. 1; Barbearo Decl., ¶ 6.  The summons thus falls under the
20	notice exception set forth in 26 U.S.C. § 7609(c)(2)(D). See Viewtech, 653 F.3d at 1106 (stating
21	that the § 7609(c)(2)(D) inquiry is "straightforward" when the assessed taxpayer is the person
22	bringing the petition to quash).  Mr. Alizadeh therefore was not entitled to notice, and because he
23	was not entitled to notice of the summons under 26 U.S.C. § 7609(c)(2)(D), he cannot bring a
24	proceeding to quash it under 26 U.S.C. § 7609(b). See 26 U.S.C. §§ 7609(a), (b)(2)(A),
25	(c)(2)(D); Viewtech, 653 F.3d at 1106 (holding that an assessed taxpayer lacked standing to
26	quash a summons issued in aid of collection of his taxes).

27	At the May 24 hearing, counsel for plaintiff was unable to distinguish this case from
28	Viewtech.  Because it is indisputable that Mr. Alizadeh is an assessed taxpayer, and that assessed

3

taxpayers lack standing to challenge a summons related to collection, it is clear that plaintiff lacks standing to bring this motion to quash.

B. The Motion is Untimely

There is a second, independent reason that the motion must be denied. A person entitled to notice of an IRS summons may institute a proceeding to quash the summons in the United States district court for the district in which the summoned person resides or is found. 26 C.F.R. § 301.7609-4(b). "In order to institute a proceeding to quash a summons the notified person must, not later than the 20th day following the day the notice of the summons was served on or mailed to such notified person… [f]ile a petition to quash[…]" 26 U.S.C. § 7609(b)(2)(A); see Mollison v. United States, 568 F.3d 1073, 1076 (9th Cir. 2009). The twenty-day filing requirement of 26 U.S.C. § 7609(b)(2)(A) is jurisdictional and "is a condition precedent to the waiver of sovereign immunity." Ponsford, 771 F.2d at 1309.

Even if Mr. Alizadeh had standing to bring a motion to quash, the court would lack jurisdiction due to untimeliness. The IRS mailed a copy of the summons to Mr. Alizadeh on or around February 2, 2023. Barbearo Decl., ¶ 15. The last day for Mr. Alizadeh to institute a proceeding to quash the summons was February 22, 2023. However, Mr. Alizadeh filed his Petition to Quash on March 20, 2023, twenty-six days late. Because late filing deprives the court of jurisdiction, Ponsford, supra, the motion to quash must be summarily denied.

### III. Conclusion

Because plaintiff lacks standing and the court lacks jurisdiction to hear, IT IS HEREBY RECOMMENDED that plaintiff's motion to quash (ECF No. 1) be DENIED and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to

////

appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991)

DATED: May 26, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE